UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BUNKER HOLDINGS, LTD., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-07-3860 |
| | § | |
| M/V ARKHANGELSK, et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Pending before the court is defendant/counter-plaintiff Atlantic Ro-Ro Carriers, Inc.'s ("Atlantic") motion requesting counter security pursuant to Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims. After considering the pleadings, the parties' submissions, and the applicable law, the court GRANTS the motion for countersecurity but limits the amount to $700.20.

**BACKGROUND**

Plaintiff Bunker Holdings, Ltd., provided fuel oil bunkers to the M/V ARKHANGELSK in August, 2007. Dkt. 1. After receiving the bunkers, the vessel allegedly discovered the bunkers were off specification and deviated its course in order to offload the bunkers and replace them. Dkt. 20, Ex. B. Of the $340,000.00 Bunker Holdings charged for the bunkers it supplied to the vessel, Atlantic only paid $95,549.00. *Id.*

On November 16, 2007, Bunker Holdings filed suit against the M/V ARKHANGELSK, *in rem*, and against Atlantic, *in personam*, seeking payment of the remaining balance. Dkt. 1. Bunker Holdings then seized the M/V ARKHANGELSK. Dkt. 5. Atlantic deposited $430,000.00 into the court registry and the vessel was released. Subsequently, Atlantic filed its counterclaim against

Bunker Holdings, alleging that Bunker Holdings owed Atlantic at least $298, 916.00 in damages. Dkt. 10. Atlantic now moves the court to require Bunker Holdings to post security in that amount. Dkt. 12.

## ANALYSIS

Rule E(7) provides in relevant part:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown, directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

SUPPLEMENTAL ADMIRALTY AND MARITIME CLAIMS R. E(7)(a). The court has discretion whether to require countersecurity and, if so, how much. *Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 403 (5th Cir. 1987); *First Md. Leasecorp. v. M/V Golden Egret*, 764 F.2d 749, 758 n.4 (11th Cir. 1985). After considering the applicable factors, the court concludes that Bunker Holdings is required to post countersecurity. *See Seatrade Group N.V. v. 6,785.5 Metric Tons of Cement, et al.*, No. H-05-2771 (S.D. Tex. Aug. 2, 2006) (discussing the pertinent factors).

The court must now determine the amount of security required. Atlantic's counterclaim lists the damages Atlantic is seeking. Dkt. 10 at 5. Those damages include the cost of hiring a barge to unload the allegedly "off-spec" bunker fuel, expenses associated with the detention of the vessel during the offloading process, the difference between the value of the offloaded bunkers and the replacement bunkers, and the expense incurred from Bunker Holding's seizure of the vessel. *Id.* Atlantic sets forth these amounts as $40,540.00 for the barge, $66,840.00 for expenses associated with detention, $141,600.00 for the difference in bunker cost, and $49,936.00 for expenses

associated with arrest. Dkt. 12 at 3. However, by providing Atlantic's Claim Submissions for arbitration, Bunker Holdings points out that some of these amounts have changed over time. Dkt. 20, Ex. B. The relevant changes are that Atlantic now lists its expenses associated with detention as only $63,811.20 and its expenses associated with arrest as only $44,008.00. *Id.* at 3-4. Atlantic further claims that, based on these amounts, it deducted too little from what it owed Bunker Holdings and seeks $700.20 in arbitration to recoup the overpayment. *Id.* at 4. The court finds the amounts set forth in Atlantic's Claim Submissions to be the most accurate reflection of Atlantic's damages and will use the adjusted amounts to determine how much countersecurity is required.

First, countersecurity cannot be ordered for the $44,008.00 associated with the arrest because the expense did not arise out of the same transaction or occurrence as the initial claim. *Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin*, 747 F.2d 958, 964-65 (5th Cir. 1984). Second, Atlantic deducted $245,251.00 from the amount it paid Bunker Holdings, effectively reducing its damages by that amount. Dkt. 1 at 3; Dkt. 20, Ex. B at 4. Excluding the arrest cost and the amount Atlantic withheld to cover its damages, the amount left is $700.20. Therefore, the court GRANTS Atlantic's motion for countersecurity, but limits the amount to $700.20.

## Conclusion

Atlantic's motion requesting counter security is GRANTED. Bunker Holdings must tender $700.20 into the court registry within 10 days from the date of this order, to be held by the United States District Clerk for the Southern District of Texas, to secure Atlantic's counterclaims against Bunker Holdings in this action.

Furthermore, this action is stayed and administratively closed in view of the arbitration which is now taking place in London. *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 202

(5th Cir. 1985).  It may be reinstated to this court's active docket by motion filed by either party within 30 days after the conclusion of the arbitration proceeding.

Signed at Houston, Texas on January 18, 2008.

_____
Gray H. Miller
United States District Judge